Filed 4/1/26  P. v. Smith CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C103302 |
| Plaintiff and Respondent, | (Super. Ct. No. 24F-05665) |
| v. | |
| BRYAN KIRBY SMITH, | |
| Defendant and Appellant. | |

Defendant Bryan Kirby Smith appeals his 16-month prison sentence after he pleaded no contest to possession of a controlled substance and failure to update his sex offender registration.  He contends that the trial court denied probation based on the erroneous premise that he committed rape of a child in Tennessee in 2001.  He further argues that his attorney rendered ineffective assistance of counsel by failing to correct the prosecution's mischaracterization of that offense during sentencing.  We affirm.

BACKGROUND

In October 2024, Smith was charged with felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 1), misdemeanor possession of drug

1

paraphernalia (*id.*, § 11364, subd. (a); count 2), and misdemeanor failure to register as a transient convicted of a prior sex offense (Pen. Code, §§ 290.011, subd. (a), 290, subd. (c); count 3).[1]  As to count 1, the complaint further alleged that Smith had a prior strike conviction under section 667, subdivision (e)(2)(C)(iv) for "aggravated sexual battery" in Tennessee in 2001, in violation of Tennessee Code section 39-13-503. (Capitalization omitted.)

Smith agreed to plead no contest to felony methamphetamine possession and misdemeanor failure to register, with the understanding that he would receive a maximum sentence of 16 months in prison with the possibility of probation and that the remaining count and three separate misdemeanor cases would be dismissed with a *Harvey* waiver.  (See *People v. Harvey* (1979) 25 Cal.3d 754.)  The trial court accepted the plea and dismissed count 2 and the misdemeanor cases.

The Shasta County Probation Department prepared a presentence investigation report describing Smith's history of homelessness, unemployment, and mental illness. The report also discussed Smith's drug use, difficult childhood, lack of family support, and his partner's miscarriage, which triggered his first use of methamphetamine as a coping mechanism.  The report noted Smith's participation in a custodial substance abuse program in 2016 and observed that his registration status and lack of identification were significant barriers to accessing treatment and services.  Smith admitted that his addiction contributed to his failures to register and said that he was ready to stop using methamphetamine.

The report also listed Smith's criminal history, including (1) a felony conviction in Tennessee in 2001 for a crime the report described as "[r]ape of [c]hild," resulting in a 126-month prison sentence; (2) a 2017 felony conviction for failure to register, resulting

---

[1]  Undesignated statutory references are to the Penal Code.

in a sentence of three years' probation and 180 days in jail; (3) a 2018 misdemeanor conviction for failure to register, resulting in a sentence of 20 days in jail; (4) a 2018 violation of probation, resulting in the revocation of probation and a sentence of three years in prison; (5) a 2021 felony conviction for failure to register, resulting in a sentence of 16 months in prison; and (6) 2024 misdemeanor convictions for drug possession and resisting arrest, resulting in sentences of probation and 15 days in jail. The report noted Smith's statement that his 2001 conviction in Tennessee involved a sexual encounter with a 16-year-old female in a bathroom at a party, but he was so drunk he could not remember the incident.

The probation department noted that Smith was presumptively ineligible for probation but found the presumption could be overcome because his current offense would have been charged as a misdemeanor if not for his registration status and he had no recent history of violence. The department acknowledged Smith's misdemeanor conviction only nine months earlier, his status on informal probation at the time of the current offense, his multiple registration violations, and his prior state prison sentences; but it noted that he had not committed a serious offense since 2001 and concluded that he did not appear to be a danger to the community. The report listed as aggravating factors Smith's prior prison or jail term, his status on probation or supervision when the offense was committed, and his prior unsatisfactory performance on probation or supervision. The report's sole mitigating factor was Smith's insignificant record of criminal conduct when considering the recency and frequency of his prior offenses.

The department recommended that Smith be admitted to formal probation and imposition of sentence be suspended for two years. It recommended that Smith be released directly into an inpatient substance abuse program and receive a mental health evaluation.

The trial court held sentencing hearings in November 2024 and February 2025. At the first hearing, the court noted that Smith was presumptively ineligible for probation

given his prior felony convictions, but recognized that the department believed the presumption was overcome for the reasons stated in the probation report. The People argued that Smith should not receive probation based on his multiple convictions and non-compliance with probation, and the court stated its tentative inclination to impose a sentence of 16 months in prison.

At the second hearing, defense counsel requested probation, emphasizing that Smith's 2001 offense for aggravated sexual battery had occurred 24 years earlier. Counsel also argued that the victim was 16 years old and Smith was 20 years old, and since that offense, Smith had suffered a few convictions but had committed no violent criminal acts that presented a serious threat to society. Counsel further asserted that Smith had not had an opportunity to participate in a treatment program and had taken various classes while incarcerated.

In response, the prosecutor stated: "I was looking at the Penal Code section in Tennessee. Looks like [Smith] initially was charged with rape of a child but pled to a lesser included offense of aggravated sexual battery. [¶] Since we don't have the facts here, the information [Smith] provides is that he just did these things to someone four years younger than him. If you look up the code section, the individual has to be under 13, so, to be even charged with that crime. I don't put much stock in Mr. Smith's recitation of the facts. He was given ten years and six months in state prison for that crime and has been committing crimes either here or the probation [presentence investigation report] doesn't talk about the things he did in the other states such as other crimes in Tennessee and the violation in Tennessee and what he did I believe in Louisiana before he showed up in California. But, so, just looking at what he has been doing since he has been in California, he is not registering, which the People of the State of California, irrelevant of whether a person is out there committing new crimes either against children or other, it doesn't – that is not – what we're concerned about is that individuals that have done the things that Mr. Smith was convicted for need to be held

4

and be able to be easily located so that we know they are not victimizing children." The People concluded by arguing that Smith had repeatedly shown he was unwilling to keep his registration up to date and that none of Smith's or the department's arguments showed the presumption against probation had been overcome.

After the parties' argument, the trial court stated that Smith "is presumptively ineligible for grant of probation, based on three prior felony convictions. [¶] The circumstances of the offense for which he is now required to register, [defense counsel], it is true that it is the nature of that offense that in part the [c]ourt is looking at in making the tentative decision to send Mr. Smith to state prison, but it is a little bit more than that. [¶] As touched on by [the People], the State of California has an interest in protecting children and others from sexual violence and sexual offense, and that is in part addressed by the requirement of persons committing those offenses to register in the State of California. A requirement Mr. Smith is aware of and has essentially approached with contempt." The court further noted Smith's various misdemeanor and felony convictions for failure to register, violation of probation, and misdemeanor drug and resisting arrest convictions in 2024, which could have been filed as felonies given his registration status. The court explained that Smith, "[h]aving received 16-months in the Department of Corrections and not correcting what becomes a habitual problem in the interest of the State, I don't think taking a step back is an appropriate state of consequences."

The trial court denied probation and sentenced Smith to the low term of 16 months. Smith timely appealed and did not obtain a certificate of probable cause. This appeal became fully briefed in this court on January 30, 2026.

DISCUSSION

Smith argues that the trial court abused its discretion in denying probation because it relied on the People's characterization of his 2001 Tennessee offense as rape of a child under the age of 13, instead of what the conviction was for: aggravated sexual battery.

5

Smith further argues that his trial counsel's failure to correct the characterization of that offense reflected ineffective assistance of counsel.

Because Smith had more than one prior felony conviction, he was presumptively ineligible for probation unless the trial court found this to be an "unusual" case where the interests of justice would best be served by granting probation. (§ 1203, subd. (e)(4).) A trial court's " 'order granting or denying probation will not be disturbed on appeal unless there has been an abuse of discretion.' " (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 831.) The same abuse of discretion standard applies to our review of a trial court's determination whether a case is an unusual one permitting probation. (*Ibid.*) The " ' "burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376; see also *Du*, at p. 831.)

In this case, the record is silent as to the facts underlying Smith's 2001 conviction, but even if we assume that the People misstated those facts below, Smith has not shown that the trial court accepted the mischaracterization in denying probation. Smith was charged with and pleaded no contest to failing to update his sex offender registration required by a 2001 conviction for "aggravated sexual battery." In addition, the court announced its tentative decision to impose a prison sentence at the first sentencing hearing, notwithstanding the department's recommendation of probation, before the People made their representations regarding the 2001 offense at the second sentencing hearing. When the court repeated its tentative inclination to impose a prison sentence at the second sentencing hearing, it did not refer to the 2001 conviction as involving the rape of a young child. Rather, the court observed that the state had an interest in protecting "children *and others* from sexual violence and sexual offense" and that registration requirements furthered that interest. (Italics added.) The court then explained that Smith was aware of the registration requirement and had treated it "with contempt," as shown by his various California convictions, including multiple

6

convictions for failing to register and violating probation on one of those convictions. The court concluded that probation was not warranted in light of Smith's failure to correct "a habitual problem" after he received a 16-month sentence for his last failure-to-register conviction. On this record, the court's determination that Smith had not overcome the presumption against probation was not an abuse of discretion.

Smith relies on *People v. Cluff* (2001) 87 Cal.App.4th 991, but that case is inapposite. In *Cluff*, the appellate court found the trial court abused its discretion because its factual findings about the defendant's conduct were not supported by substantial evidence. (*Id.* at pp. 1002-1003.) In contrast here, the trial court did not make a factual finding that Smith had been convicted of a prior offense for which the record contained no substantial evidence.

Smith also has not established that his counsel was ineffective for failing to object to the People's characterization of the 2001 conviction. To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and the deficient performance prejudiced him or her. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) Normally, claims of ineffective assistance of counsel are appropriately raised in a petition for a writ of habeas corpus, where relevant facts and circumstances not contained in the record on direct appeal can be adduced. (*People v. Snow* (2003) 30 Cal.4th 43, 111.) On direct appeal, relief will be granted "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

On the present record on direct appeal, we cannot conclude that Smith was denied effective assistance of counsel at sentencing. The record before us is devoid of the facts underlying the 2001 offense and trial counsel's tactical decisions. We therefore cannot

7

say that it was deficient performance that led counsel not to object to the People's characterization of the 2001 offense, especially after counsel had already offered a contrary characterization earlier in the hearing.  And for the same reason, Smith cannot show " 'a reasonable probability the outcome [of his sentencing] would have been different were it not for' " counsel's omission.  (*People v. Woodruff* (2018) 5 Cal.5th 697, 736.)

DISPOSITION

The judgment is affirmed.


/s/
FEINBERG, J.


We concur:


/s/
ROBIE, Acting P. J.


/s/
BOULWARE EURIE, J.

8